The Honorable Mike Bearden State Senator P.O. Box 1824 Blytheville, Arkansas 72316
Dear Senator Bearden:
This is in response to your request for an opinion concerning whether a particular candidate for a position on the East Poinsett County School Board meets the residency requirements set out in a Consolidation Agreement of the district. Specifically, you indicate that, in 1986, the former Lepanto School District No. 14 and the former Tyronza School District No. 23 consolidated. The consolidation was effected under Act 125 of 1961, as amended (A.C.A. §§ 6-13-301—310 (Cum. Supp. 1991)), and pursuant to this subchapter a consolidation agreement was entered into between the former districts. The agreement provides at subsection 3 that:
 It is the intent of this agreement that there shall at all times following the consolidation be three directors who reside in the current boundaries of the Tyronza School District and three directors who reside in the current boundaries of the Lepanto School District.
The agreement provides for staggered terms of the six directors, in pairs of one, two, and three years, respectively, with two board positions to be on the ballot each year after 1987 at the annual school election.
Your question arises because an individual who is a resident of the old Lepanto School District has decided to run against a board member from the old Tyronza district. Your question is whether this individual may lawfully do so.
It is my opinion that such candidacy would violate the Consolidation Agreement which was entered into under the authority of A.C.A. § 6-13-309. This statute expressly gives school districts consolidating under the subchapter the authority to enter into an agreement "prescribing the number of directors of the new district who shall reside in each of the former districts." A.C.A. § 6-13-309 (a). This agreement is very similar to the provisions of the subchapter governing residence of directors where there is no agreement to the contrary. Section 6-13-306 (a) provides that where two districts consolidate, "[e]ach year . . . at the annual school election, the qualified electors of the new district shall elect one (1) successor member from each of the former districts. . . ."
It appears that the Consolidation Agreement provides for the election of one member from each former district each year. If a candidate residing in the former Lepanto district were elected to a school board position which is designated as an old Tyronza district position, the balance of representation intended in the agreement would be violated. (Assuming, of course, that the other position on the ballot is filled by a resident of the former Lepanto district.) It is therefore my opinion that the candidacy you suggest would violate the Consolidation Agreement and consequently the statutes under which it was entered.
We should note, however, that at least one Arkansas circuit court has concluded that an analogous residency requirement imposed after a school annexation violated the equal protection clause of the Fourteenth Amendment of the United States Constitution and the "one man, one vote" principle. See Barnes v. Wood et al.,
No. CI-91-93, Baxter County Circuit Court 1991. This decision, of course, does not stand as precedent across the state on the point and, in fact, involved a separate statutory scheme (A.C.A. §6-15-201—212) and significantly distinguishable facts. Any question as to the constitutionality of A.C.A. § 6-13-301—310, on such a basis, would necessarily involve reference to the individual facts and population figures of the affected district and, as such, is not a question which may be resolved in the format of an official Attorney General's opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh